# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

REACT PRESENTS, INC.,

       Plaintiff,       CASE NO. 16-13288
                                HON. DENISE PAGE HOOD

v.

EAGLE THEATER ENTERTAINMENT,
LLC,
BLAIR MCGOWAN,
AMIR DAIZA,
MATTHEW FARRIS

       Defendants.
_____/

SFX REACT-OPERATING LLC,

       Plaintiff,       CASE NO. 16-13311
                                HON. DENISE PAGE HOOD

v.

EAGLE THEATER ENTERTAINMENT,
LLC,
BLAIR MCGOWAN,
AMIR DAIZA,
MATTHEW FARRIS

       Defendants.
_____/

## ORDER DENYING DEFENDANT/CROSS-PLAINTIFF'S MOTION TO AMEND PLEADING TO ADD CROSS-CLAIM [#49]

# I. BACKGROUND

## A. 16-13288, Procedural Background

On September 12, 2016, Plaintiff React Presents, Inc. ("React") filed a Complaint in the United States District Court for the Eastern District of Michigan against Defendants Eagle Theater Entertainment, LLC ("ETE"), Blair McGowan ("McGowan"), Amir Daiza ("Daiza"), and Matthew Farris ("Farris") (collectively, "Defendants"). The Complaint alleges breach of contract (Count I), fraud (Count II), breach of fiduciary duty (Count III), violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Count IV), and unjust enrichment (Count V). (Doc # 1) Defendants filed a Motion for a More Definite Statement on November 21, 2016 (Doc # 5), which was subsequently denied by Magistrate Judge David R. Grand. (Doc # 10) Defendants filed a responsive pleading on February 7, 2017. (Doc # 11) The responsive pleading includes Counterclaims against React, alleging Conspiracy and Agreements in violation of § 1 of the Sherman Act (Count I), violation of the Michigan Antitrust Reform Act ("MARA") (Count II), and unjust enrichment (Count III) (*Id.*). On February 28, 2017, React filed a Motion to Dismiss Defendants Counterclaims. (Doc # 13) The Court dismissed Defendants' unjust enrichment (Count III) claim against React, but denied the Motion on the antitrust and MARA counterclaims. (Doc # 30) Defendants filed an Amended Motion for Judgment on the Pleadings on May

17, 2017. (Doc # 22) The Court granted Defendants' Motion (Doc #22) as to the unjust enrichment and breach of fiduciary duty claim, and denied the Motion as to the breach of contract claim, fraud claim, and RICO claim. (Doc # 31) On January 17, 2018, Defendants' attorney Dean Elliot filed a Motion for Withdrawal of Attorney, asserting that a conflict of interest between the Defendants emerged during the course of this action. (Doc # 38) The Court granted Dean Elliot's Motion on March 14, 2018. (Doc # 46)

This matter is before the Court on Defendant/Cross-Plaintiff Amir Daiza's Motion for Leave to Amend Complaint to Add a Cross Claim Against Defendant Blair McGowan, filed on March 27, 2018. (Doc # 49) Defendant Blair McGowan filed a Response to the present Motion on April 6, 2018. (Doc # 52) Daiza did not file a Reply. Defendant Daiza and Defendant McGowan have both retained new counsel.

**B. 16-13311, Procedural Background (Related Case)**

On September 13, 2016, Plaintiff SFX React-Operating LLC ("SFX") filed a Complaint in the United States District Court for the Eastern District of Michigan against Defendants Eagle Theater Entertainment, LLC ("ETE"), Blair McGowan ("McGowan"), Amir Daiza ("Daiza"), and Matthew Farris ("Farris") (collectively, "Defendants"). The new (Case No. 16-13311) Complaint alleges breach of contract (Count I), fraud (Count II), breach of fiduciary duty (Count III),

violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Count IV), and unjust enrichment (Count V). (Doc # 1) Defendants filed a Motion for a More Definite Statement on November 21, 2016 (Doc # 6), which was subsequently denied by Magistrate Judge David R. Grand. (Doc # 12) Defendants filed an Amended Answer on February 7, 2017. (Doc # 16) The Amended Answer includes Counterclaims against SFX, alleging Conspiracy and Agreements in violation of § 1 of the Sherman Act (Count I), violation of the Michigan Antitrust Reform Act (Count II), and unjust enrichment (Count III) (*Id.*) On February 28, 2017, SFX filed a Motion to Dismiss Defendants' Counterclaims. (Doc # 18) The Court dismissed Defendants' Counterclaims against SFX. (Doc # 33) Defendants filed a Motion for Judgment on the Pleadings on May 17, 2017. (Doc # 25) The Court granted Defendants' Motion (Doc # 25) as to the unjust enrichment and breach of fiduciary duty claim, and denied the Motion as to the breach of contract claim, fraud claim, and RICO claim. (Doc # 31) On January 17, 2018, Defendants' attorney Dean Elliot filed a Motion for Withdrawal of Attorney, asserting that a conflict of interest between the Defendants emerged during the course of this action. (Doc # 39) The Court granted Dean Elliot's Motion on March 14, 2018. (Doc # 46)

Defendant/Cross-Plaintiff Amir Daiza did not file a motion for leave to amend his Complaint to add a cross claim against Defendant Blair McGowan in this case.

## II. DEFENDANT DAIZA'S PROPOSED AMENDMENTS

Defendant Daiza is an employee of ETE. Defendant McGowan is the managing member of ETE. Defendant Daiza asserts that McGowan is the person in charge of finalizing ETE's financial settlements with its partner companies. Daiza asserts that, unbeknownst to him, Defendant McGowan made inaccurate financial settlement documents. Daiza alleges McGowan took funds owed to ETE and transferred those funds to numerous limited liability companies, corporations, and other entities via non-party individuals. (Doc # 49, Pg. 8, ¶ 6) Daiza alleges McGowan kept funds generated from ticket sales and bar sales, which led to financial underreporting. (*Id.* at ¶¶ 7–8) Daiza further alleges that, once this action was initiated against ETE, McGowan has consistently taken funds from ETE and transferred them to other entities with nominal to no consideration being exchanged; taken approximately $450,000 from ETE, leaving the company virtually insolvent; and stopped paying Daiza his agreed-upon salary of $2,000 per week and withdrew $55,000 from ETE. (*Id.* at ¶¶ 9–11) Dazia asserts that ETE is now bouncing checks, and struggling to pay for its day-to-day company

operations. (*Id.*) Daiza asserts that he neither took part in, nor authorized, ratified, nor directed McGowan to engage in any of the aforementioned conduct. (*Id.* at Pg. 9, ¶ 13) Daiza also denies negligence or any other fault in connection with the allegations brought by React.

Daiza seeks to amend his Complaint to add claims for Indemnification (Count I) and Contribution (Count II) against Defendant McGowan. (*Id.* at Pg. 9–10) Daiza argues that the Court should grant the present Motion because the Motion was filed in a timely manner after Dean Elliott discovered the conflict of interest between Defendants. Daiza argues that McGowan will not suffer any prejudice and that Daiza's proposed amendments are not futile. McGowan argues that Daiza's Motion should be denied because of (1) Daiza's undue delay in filing the Motion and (2) the proposed amendments are futile.

## III. APPLICABLE LAW & ANALYSIS

### A. Rule 15(a)

In a case where a responsive pleading has been filed, a party may amend its pleading only with the written consent of the opposing party or by leave of the court. Fed. R. Civ. P. 15(a)(2). Cross-Defendant McGowan does not concur in Cross-Plaintiff Daiza's motion, so it is within the Court's discretion whether to grant Daiza's Motion for leave to file an amended complaint. Pursuant to Rule 15(a)(2), "leave shall be freely given when justice so requires." The factors a

court is to consider when determining whether to permit a plaintiff to file an amended complaint are:

(1) the delay in filing the motion,

(2) the lack of notice to the other party,

(3) bad faith by the moving party,

(4) repeated failure to cure deficiencies by previous amendments,

(5) undue prejudice to the opposing party, and

(6) futility of the amendment.

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001); *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). A district court may deny a plaintiff leave to amend his complaint when the proposed amendment would be futile. *See, e.g.*, *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). An amendment is deemed futile when it would not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000).

**B.    Analysis**

McGowan argues that Daiza should have been aware of his potential claims against McGowan after this action was commenced more than eighteen months ago. Based on this conclusion, McGowan asserts that he will suffer prejudice as a result of Daiza's undue delay in filing the present Motion. Daiza argues that he

became aware of his claims againt McGowan after Dean Elliott discovered the present conflict of interest between Defendants, and McGowan will not suffer any prejudice. McGowan's arguments are unpersuasive.

Defendants were all represented by the same counsel, Dean Elliott. Mr. Elliott withdrew as the attorney for Defendants once he became aware of the conflict of interest between them. McGowan has not presented any evidence that Daiza should have known about his proposed claims against McGowan before Mr. Elliott's discovery. McGowan merely suggest that Daiza should have known about his proposed claims because he was an employee of ETE.

The Court disagrees with McGowan. The fact that Defendants retained the same counsel at the start of this litigation, and that Mr. Elliott represented all Defendants for more than a year after the commencement of this case, suggest that Daiza did not know of the basis of his proposed claims against McGowan at the start of this case. Mr. Elliott filed his motion to withdraw as counsel for Defendant on January 17, 2018, which was granted by the Court on March 14, 2018. Daiza retained a new attorney and filed the present Motion on March 27, 2018. (Doc # 29) McGowan has not shown undue delay on the part of Daiza, nor has he identified any other potential prejudice.

McGowan also argues that Daiza should not be granted leave because the proposed amendments are futile. Daiza attempts to bring claims for

Indemnification and Contribution against McGowan. Reacts only remaining claims against Daiza are for Fraud and violation of RICO. The Court agrees with McGowan, and concludes that Daiza's proposed amendments are futile as a matter of law.

Regarding Daiza's Indemnification claim, "[i]t has long been held in Michigan that the party seeking indemnity must plead and prove freedom from personal fault. This has been frequently interpreted to mean that the party seeking indemnity must be free from active or causal negligence." *Langley v. Harris Corp.*, 413 Mich. 592, 597, 321 N.W.2d 662, 665 (1982). Under Michigan law, a defendant who commits an intentional tort "is not entitled to indemnification." *Ptasznik v. Johnston*, 63 Mich. App. 410, 413, 234 N.W.2d 548, 550 (1975). The Court must look to the underlying complaint to see if a defendant is free from active fault when that defendant is seeking indemnification. *See Fishbach-Natkin, Inc. v. Shimizu Am. Corp.*, 854 F. Supp. 1294, 1301 (E.D. Mich. 1994). Intent is a necessary element of actionable fraud or misrepresentation under Michigan law. *See Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976). Fraud is an intentional tort in Michigan. If Daiza is found liable for fraud, he will not have a right to indemnification. Daiza's cross-complaint against McGowan for indemnification for the underlying fraud claim fails to state a claim upon which relief can be granted.

Regarding Daiza's Contribution claim, "Michigan common law does not permit an intentional tortfeasor recovery of contribution from other joint tortfeasors." *Fid. & Deposit Co. of Maryland v. Newman*, 109 Mich. App. 620, 626, 311 N.W.2d 821, 823 (1981). In addition, intentional tortfeasors may not recover contribution under MCL Ann. § 600.2925a, the statute authorizing and controlling the right to contribution under Michigan law. *See Dolinka VanNoord & Co. v. Oppenheimer & Co.*, 891 F. Supp. 1244, 1249 (W.D. Mich. 1995). Daiza's cross-complaint against McGowan for contribution for the underlying fraud claim fails to state a claim upon which relief can be granted.

Similarly, regarding the RICO claim, courts have held that there is not an express or implied right to indemnification or contribution in civil RICO cases. *See, e.g.*, *Daniels v. Bursey*, 329 F. Supp. 2d 975, 981–82 (N.D. Ill. 2004); *First American Corp. v. Al–Nahyan,* 948 F.Supp. 1107, 1118 (D.D.C. 1996); *Friedman v. Hartmann,* 787 F.Supp. 411, 415–18 (S.D.N.Y. 1992); *O & K Trojan, Inc. v. Municipal & Contractors Equipment Corp.,* 751 F. Supp. 431, 433 (S.D.N.Y. 1990); *Minpeco v. Conticommodity Services, Inc.,* 677 F. Supp. 151, 154–55 (S.D.N.Y. 1988); *In re Olympia Brewing Co. Securities Litigation,* 674 F. Supp. 597, 616–17 (N.D. Ill. 1987); *Seminole Electric Cooperative, Inc. v. Tanner,* 635 F. Supp. 582, 584 (M.D. Fla. 1986); *Central Illinois Savings & Loan Ass'n v. Dupage County Bank of Glendale Heights,* 622 F. Supp. 1493, 1498–99 (N.D. Ill.

1985); *Miller v. Affiliated \*982 Financial Corp.,* 624 F. Supp. 1003, 1004 (N.D. Ill. 1985); and *Boone v. Beacon Building Corp.,* 613 F.Supp. 1151, 1154–55 (D. N.J. 1985). Daiza's cross-complaint against McGowan for contribution and indemnification for the underlying RICO claim fails to state claims upon which relief can be granted.

Daiza filed the present Motion in a timely manner, but the proposed amendments are futile. The Court holds that Daiza's Motion for Leave to File an Amended Complaint is **DENIED**.[1]

## IV. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant Amir Daiza's Motion for Leave to File an Amend Complaint (Case No. 16-13288, Doc # 49) is **DENIED**.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 10, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 10, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

---

[1] After filing the present Motion, Daiza was dismissed as a Defendant in this litigation, on July 17, 2018. (Case No. 16-13288, Doc # 56) Daiza is no longer a party to this action.